Steve **BLANKENSHIP, Waterhole Number 1, Steve Garrett** and **Delbert Berry, Appellants,**

v.

John **PIERCE, Appellee.**

No. 3–90–073–CV.

Court of Appeals of Texas, Austin.

Nov. 21, 1990.

Rehearing Overruled Dec. 19, 1990.

Jerri Lynn Ward, Mullen, MacInnes, Redding & Grove, Michael F. Beck, Paul D. Carmona, John F. Morehead, Bankston Wright & Greenhill, Austin, for appellants.

David Deaderick, Brian K. Truncale, Tulk & Deaderick, Austin, for appellee.

Before POWERS, CARROLL and GAMMAGE, JJ.

CARROLL, Justice.

Personal injury plaintiff and three defendants appeal two summary judgments and final judgment for fourth defendant. We will reverse the judgment and remand the cause for a trial on the merits.

1. Berry was the only party to raise the issue of the defendants' standing to attack the first summary judgment. Because Pierce does not dispute the other defendants' standing, we will not

## BACKGROUND

This is a negligence case involving a keg of beer and a crushed foot. One evening in October 1986, Steve Garrett, John Pierce, and Delbert Berry attended a party in Austin. When the first keg of beer ran dry, a collection was taken from the guests, and Garrett, Pierce, and Berry went to the Waterhole # 1, a liquor store, to buy a second keg. There, Pierce and Berry entered the cooler where the kegs were stored, selected a keg, and attempted to move it out of the cooler without the assistance of any store employee. During this attempt, the full keg was dropped on Garrett's foot.

Garrett sued Pierce, Berry, Waterhole, and Steve Blankenship, who owns Waterhole and was on duty that night. Berry, Blankenship, and Waterhole crossclaimed against their codefendant Pierce for contribution. Pierce obtained two partial summary judgments, one against the plaintiff Garrett and then one against his codefendants. The sole basis for the second summary judgment was that the first summary judgment precluded Pierce's liability on his codefendants' contribution claims.

Garrett appeals the first partial summary judgment. Berry, Blankenship, and Waterhole attack the first and second.[1] The codefendants admit that the first partial summary judgment, if properly granted, mandates the second partial summary judgment. They contend, however, that the first summary judgment was improperly granted because there were disputed fact issues. Consequently, their arguments focus on the propriety of the first summary judgment.

## THE FIRST SUMMARY JUDGMENT RECORD

First, the parties dispute whether certain deposition transcripts were part of the record for the first summary judgment. We conclude that they were.

address this issue. We note, however, that the other defendants have a vital interest in attacking a summary judgment that precludes their recovery from a codefendant.

### 1. The Procedural Setting

The conflict over the first summary judgment record involves a complicated procedural setting. Pierce's first summary judgment motion sought relief only as to the claims of Garrett, the plaintiff. Garrett filed a response before the hearing on Pierce's motion. It is undisputed that the codefendants, Berry, Blankenship, and Waterhole, did not file a response before the first summary judgment was granted. It is not clear, however, that a response by codefendants was appropriate under the version of Tex.R.Civ.P. 166a in effect at the time, since the codefendants were not "adverse parties" in the traditional sense. See Tex.R.Civ.P. 166a (Supp.1990). After a hearing, the court granted judgment for Pierce against Garrett.

Nine days after the first summary judgment was granted, Pierce filed a motion for summary judgment against his codefendants, Berry, Blankenship, and Waterhole. The sole basis for the second motion was that the first summary judgment, in establishing that Pierce was not liable to the plaintiff, precluded Pierce's liability to his codefendants on their contribution claims. See Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 552 (Tex.1981) ("Neither contribution nor indemnity are recoverable from a party against whom the injured party has no cause of action.").

The second summary judgment motion brought home to the codefendants the preclusive effect of the first summary judgment. Spurred to action, Blankenship and Waterhole, jointly, along with Berry filed motions for reconsideration of the first summary judgment, coupled with formal responses to the first summary judgment motion.[2] Blankenship and Waterhole attached to their response a stack of deposition transcripts as part of the first summary judgment record. (It is clear that these transcripts would have been proper summary judgment evidence if timely filed.)

Neither Blankenship, Waterhole, nor Berry, obtained formal permission from the court to file late responses to the first summary judgment motion, and Pierce did not object to their *responses*. Pierce did object, however, to the "late-filed deposition transcripts." The court overruled Pierce's objection. Then, after reviewing the motions for reconsideration and the codefendants' responses, the court affirmed its original decision as to the first summary judgment motion. It also granted the second summary judgment, against Pierce's codefendants, and a final judgment for Pierce on all of the claims asserted against him in this lawsuit.

### 2. The Record

The parties join issue as to whether the deposition transcripts attached to Waterhole and Blankenship's response are part of the first summary judgment record. Pierce argues that the transcripts were not timely filed. We disagree.

Summary judgment evidence that is attached to a response is timely filed if the response is timely filed. See Tex.R.Civ.P. Ann. 166a(c) (Supp.1990). A response to a motion for summary judgment must be filed by seven days before the hearing on the motion, "except on leave of court." Rule 166a(c). In this case, it is undisputed that Waterhole and Blankenship's response was filed after the hearing on the first partial summary judgment motion. The question, then, is whether Waterhole and Blankenship had leave of court to file their response. There is no written order on this issue. However, the court clearly allowed the late filing since it overruled Pierce's objection that the transcripts were not timely filed. Moreover, Pierce did not object that Waterhole and Blankenship's response was not timely, and so he may have waived this objection.

We conclude, therefore, that the first summary judgment record included the deposition transcripts offered by Waterhole and Blankenship. Our determination of the remaining issues in this appeal is based on this conclusion.

### GENUINE ISSUES AS TO MATERIAL FACTS

Second, the appellants complain that there were genuine issues of material facts

---

**2.** Garrett also filed a motion for reconsideration.

that precluded the first summary judgment.[3] Pierce argued in his motion that he was not liable to Garrett as a matter of law because: 1) he did not owe Garrett a duty to protect against the type of injury he sustained; 2) if he did owe Garrett a duty, he did not breach it; and, 3) even if he breached a duty owed to Garrett, the breach was not a proximate cause of Garrett's injury. We agree with the appellants that the summary judgment evidence does not establish any of these elements as a matter of law.

The record for the first summary judgment, including the deposition transcripts attached to Blankenship and Waterhole's response, contains at least five conflicting versions of the episode leading to Garrett's injury. Resolving all doubts in favor of the nonmovants, we conclude that there are disputed fact issues regarding Pierce's liability. In particular, the summary judgment evidence does not conclusively demonstrate facts sufficient to establish that Pierce did not owe Garrett a duty. For one thing, there is no dispute that Pierce was the "ringleader"; it was Pierce who picked the store (Waterhole), Pierce who led the charge to the cooler, and Pierce who instigated the attempt to move the keg without the assistance of Waterhole's personnel. Moreover, Pierce had experience handling kegs because he was employed as a delivery driver for a beer distributor at the time of this incident.

There are also disputed fact issues regarding whether Pierce breached a duty owed to Garrett, and whether any breach proximately caused Garrett's injuries. Specifically, the summary judgment evidence does not conclusively establish that Pierce had safely relinquished control of the keg immediately before it fell on Garrett's foot.

## CONCLUSION

Based on the conflicting versions of the occurrences leading to Garrett's injury and on the undisputed facts recited above, we conclude that the first partial summary judgment, against Garrett, was improperly granted. Consequently, the second partial summary judgment, against Berry, Blankenship, and Waterhole, was also improperly granted. We sustain all of appellants' points of error, reverse the final judgment for Pierce, and remand this cause for trial on the merits.

GAMMAGE, J., not participating.

3. In reviewing a summary judgment, we must first determine whether a disputed material fact issue exists. We accept as true the nonmovant's version of the facts as supported by the record and the admissible summary judgment proof. Every reasonable inference is indulged in favor of the nonmovant and any doubt resolved in his favor. The movant has the burden of showing that there is no genuine issue of material fact as to any essential element of the nonmovant's case and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985); *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867 (Tex. 1984). *See generally* Hittner, *Summary Judgments in Texas,* 22 Hous.L.Rev. 1109 (1985).