Frank E. BAYOUTH et al., Petitioners,

v.

LION OIL COMPANY et al.,
Respondents.

No. C–2290.

Supreme Court of Texas.

May 16, 1984.

Rehearing Denied July 18, 1984.

Jimmy Horany, Thomas W. Schueller, Barry L. Macha, Wichita Falls, for petitioners.

Moore, Dickson, Roberts and Ratliff, R. Temple Dickson, Sweetwater, Stubbeman, McRae, Sealy, Laughlin & Browder, Rodney W. Satterwhite and Marc L. Skeen, Midland, for respondents.

CAMPBELL, Justice.

This is an appeal from a summary judgment granted Lion Oil Company, Monsanto Company, Saxon Oil Company and Bill D. Saxon (Oil Companies). The underlying issue is whether alleged damages to Bayouth's and Pope's lands are permanent or temporary. The trial court granted the Oil Companies' motion for summary judgment, holding the damages alleged were perma-

nent as a matter of law and, therefore, barred by the two year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp.1984). The court of appeals affirmed the summary judgment. 651 S.W.2d 423. We reverse the judgments of those courts and remand the cause to the trial court.

Frank Bayouth and J.B. Pope sued the Oil Companies for permanent damages to their land caused by salt water migration from the Oil Companies' leases. In their original petition, filed on April 15, 1976, Bayouth alleged that on October 10, 1970, he first observed moisture and salt water crystals near some old seismograph holes on his land; Pope alleged that on or about October 25, 1971, he first noticed salt crystals and moisture on the surface of his land. They alleged that the salt water continued to spread causing permanent damage and contamination to their land.

The Oil Companies moved for a summary judgment alleging the two year statute of limitations had run on a cause of action for permanent damages. Bayouth and Pope filed an amended original petition alleging temporary damages. The trial court granted the summary judgment finding no genuine issue of material fact. The court of appeals held as a matter of law the damages to the land were permanent and barred by the two year statute of limitations.

The landowners attached to their response to the motion for summary judgment, affidavits of Keith Justice and Jeff Puckett. Justice, a soil scientist, in his affidavit, stated:

It is my opinion that the damaged area of both the Bayouth and Pope farms, because of the contamination from the salt water that has spread across parts of both farms is a temporary damage.

Puckett, a geologist, in his affidavit, also stated the damage was temporary. He further stated:

... it is my opinion and I know that said damage was sporadic and was intermittent and that it was not constant, but was irregular depending upon the rain-

fall for many years to flow, move, and force the salt water to the farms causing the damage to the lands at irregular intervals.

█ In reviewing a summary judgment record, we must determine whether a disputed material fact issue exists that would preclude a summary judgment. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975).

█ Permanent injuries to land give rise to a cause of action for permanent damages, which are normally measured as the difference in the value of the property before and after the injury. Temporary injuries give rise to temporary damages, which are the amount of damages that accrued during the continuance of the injury covered by the period for which the action is brought. *Kraft v. Langford*, 565 S.W.2d 223 (Tex.1978).

█ An action for permanent damages to land accrues, for limitation purposes, upon discovery of the first actionable injury and not on the date when the extent of the damages to the land are fully ascertainable. *Tennessee Gas Transmission Co. v. Fromme*, 153 Tex. 352, 269 S.W.2d 336 (1954). An action for permanent damages to land must be brought within two years from the time of discovery of the injury. Article 5526, V.A.T.S. Damages for temporary injuries may be recovered for the two years prior to filing suit.

█ The character of an injury as either permanent or temporary is determined by its continuum. Permanent injuries to land result from an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely; the injury must be constant and continuous, not occasional, intermittent or recurrent. Temporary injuries, however, have been found where the injury is not continuous, but is sporadic and contingent upon some irregular force such as rain. *Kraft v. Langford*, 565 S.W.2d 223 (Tex.1978); *At-*

las Chemical Industries, Inc. v. Anderson, supra at 685.

■ This is a summary judgment case and our only question is whether a fact question is raised. The affidavit of the geologist states the damage was sporadic, intermittent, not constant and irregular depending on the rainfall. The affidavit further states:

> ... the salt water would seep down from the pits from the first permeable strata below the pits and then flow underground laterally and down the slopes to the lowest point underground; thereafter, the additional water and rainfall into the pits, and due to hydraulic pressure it would cause the salt water to rise to the surface at any opening such as old seismographic holes, etc.

This affidavit alone raises a question as to the nature of the damage and fits squarely with the holding of *Kraft, supra.*

The Oil Companies contend and the court of appeals held the landowners' amended pleadings, as a matter of law, assert a cause of action for permanent damages. This contention and holding is based on the statement in the pleadings that the salt water "continued to spread" and that the seeping "continued" until it reached plaintiffs' lands. The Oil Companies assert that on these pleadings the landowners could have pleaded for future damages. However, the pleadings stated the damage is of a temporary nature and sought damages for two years prior to filing suit. We will not make such a restrictive interpretation of the pleadings; especially when considering the summary judgment facts presented by the nonmovants. We further note there were no special exceptions to the pleadings, and this court has held that a summary judgment cannot be used to take the place of special exceptions. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974).

The judgments of the trial court and court of appeals are reversed. The cause is remanded to the trial court.