**Eldon HUES, et al., Appellants,**

v.

**WARREN PETROLEUM COMPANY, et al., Appellees.**

**No. C14–90–807–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 5, 1991.

Steve A. Bryant, Houston, for appellants.

Richard T. Howell, Jr. and Tom Lorance, Houston, Michael V. Winchester, Dallas, Robert J. Malinak and Rene J. Mouledoux, Glen M. Boudreaux and David Scott Curcio, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of appellees. In three points of error appellants contend the trial court erred in granting summary judgment because the motions were not supported by competent summary judgment evidence and the court incorrectly applied the statute of limitations to appellants' claims. We affirm.

On February 5, 1985, appellants filed their lawsuit against appellees, alleging negligence, trespass, nuisance, negligence per se, inverse condemnation, misrepresentation, and gross negligence. Appellants' claims were based on gas leaks that occurred in 1980 and the disposal of brine which began in 1956. On March 29, 1990, appellee Atlantic Richfield Company [ARCO] filed its motion for summary judg-

ment, alleging that appellants' claims were barred by the applicable statute of limitations. All other appellees joined in ARCO's motion. Appellants subsequently filed their Second Amended Original Petition and their response to appellees' motion for summary judgment. Appellants' pleadings claimed that the "discovery rule" applied to their causes of action.

The trial court determined as a matter of law that the discovery rule did not apply to appellants' causes of action. In refusing to apply the discovery rule to appellants' case, the trial court found that appellants' causes of action were not " 'inherently undiscoverable' " because of the "widespread and adverse publicity resulting from the 1980 gas leak and all subsequent events...." Thus, the court determined that appellants' claims were barred by the statute of limitations. Appellants subsequently filed a motion for new trial which was denied by the trial court. This appeal followed.

In their first point of error appellants contend the trial court erred in granting appellees' motion for summary judgment because there was no competent summary judgment evidence that the 1980 gas leaks caused all of appellants' injuries and damages. Appellees argue that there was conclusive evidence of the accrual dates of appellants' causes of action and that the discovery rule does not apply to this case. Appellees also argue that the damages alleged by appellants are permanent in nature.

Summary judgment is proper where the movant establishes by competent evidence that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792 (Tex.1987).

■ The Texas Civil Practice and Remedies Code provides that "[a] person must

bring suit for trespass for injury to the estate or to the property of another, ... not later than two years after the day the cause of action accrues." TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). As a general rule a cause of action sounding in tort accrues when the tort is completed. *Atkins v. Crosland*, 417 S.W.2d 150, 152 (Tex.1967); *Black v. Wills*, 758 S.W.2d 809, 816 (Tex.App.—Dallas 1988, no writ). Under this legal injury rule, the date of the legal injury is not the time the injury is discovered or the date when the actual damage is fully ascertained; rather, the date of legal injury is the date the wrongful act is committed and damage is suffered. *Black*, 758 S.W.2d at 816.

■ Texas courts, however, have applied a discovery rule in actions for damage to property. If the damages are permanent in nature, the action accrues, for limitation purposes, "upon discovery of the first actionable injury and not on the date when the extent of the damages to the land are fully ascertainable." *Bayouth v. Lion Oil Company*, 671 S.W.2d 867, 868 (Tex. 1984); *City of Odessa v. Bell*, 787 S.W.2d 525, 530 (Tex.App.—El Paso 1990, no writ). If the injuries are temporary in nature, damages may be recovered for the two years prior to filing suit. *Bayouth*, 671 S.W.2d at 868.

■ In determining whether damages are characterized as permanent or temporary, the court must look at the continuum of the injury. *Id.*

> Permanent injuries to land result from an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely; the injury must be constant and continuous, not occasional, intermittent or recurrent. Temporary injuries, however, have been found where the injury is not continuous, but is sporadic and contingent upon some irregular force such as rain.

*Id.*

■ Turning to the facts of the present case, appellants' pleadings alleged a permanent injury to land. In their allegations of nuisance and trespass, appellants claimed that appellees' activities constitute "a con-

tinuing threat to the ... property of plaintiffs." Appellants also alleged that the appellees' use of appellants' property was indefinite, continued and permanent.

After reviewing the record we agree that the trial judge properly determined that appellants' claims were barred by the two-year statute of limitations. The allegations in appellants' 1985 lawsuit all relate to the gas leak which occurred in 1980 or the disposal of brine which began in 1956.

■ We also agree that the trial court properly determined that the discovery rule did not apply to the facts of this case. Attached to appellees' motion for summary judgment were numerous newspaper articles relating to the 1980 gas leaks. The news media gave the leaks a great deal of coverage and there were so many stories in the newspapers that appellants were clearly put on notice of the date the gas leaks occurred. We find that the trial court properly applied the legal injury rule and determined that appellants' causes of action accrued on the date the alleged torts were completed. Thus, we overrule appellants' first point of error.

In their second point of error appellants contend the trial court erred in granting summary judgment because the trial court improperly applied the statute of limitations to their claim for injunctive relief. Appellees argue that appellants did not properly request injunctive relief.

■ Injunctive relief is proper where the applicant can demonstrate the following four grounds for relief: 1) the existence of a wrongful act; 2) the existence of imminent harm; 3) the existence of irreparable injury; and 4) the absence of an adequate remedy at law. *Priest v. Texas Animal Health Comm'n*, 780 S.W.2d 874, 875 (Tex.App.—Dallas 1990, no writ). The grant or refusal of a permanent or temporary injunction is ordinarily within the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal absent a clear abuse of discretion. *Id.* As a prerequisite to the granting of an injunction, the pleadings and prayer must state the particular form of injunction

sought and the prayer must specify the type of judgment sought. *American Precision Vibrator Company v. National Air Vibrator Company*, 764 S.W.2d 274, 279 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Fairfield v. Stonehenge Association Company*, 678 S.W.2d 608, 611 (Tex.App.—Houston [14th Dist.] 1984, no writ).

In their Second Amended Petition appellants requested that the court "enjoin Defendants from storing ethane, propane and other gaseous products in underground storage wells in the Mont Belvieu Salt Dome ... [and] from disposing salt water beneath the surface of the Mont Belvieu Salt Dome." Appellants' prayer for relief in their Second Amended Petition stated:

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and that upon final trial of this cause they have and recover of and from the Defendants, jointly and severally, such sums as heretofore set out in actual damages and in addition thereto the sum of TWENTY MILLION ($20,000,000) Dollars in exemplary damages against the Defendants, GULF OIL CORPORATION and WARREN PETROLEUM COMPANY, for pre and post judgment interest at the legal rate, for costs of Court and for such other and further relief both general and special, at law and in equity, to which they may show themselves to be justly entitled.

Appellants did not pray for injunctive relief nor plead the specific type of injunctive relief sought. Further, injunctive relief was not proper when an adequate remedy at law, i.e. a claim for damages, was available. Therefore, the trial court did not abuse its discretion in denying injunctive relief. We overrule appellants' second point of error.

In their third point of error appellants contend the trial court erred in granting summary judgment because the court improperly applied the two-year statute of limitations to their claim for inverse condemnation. Appellants argue that the appropriate statute of limitations in suits for inverse condemnation is ten years.

In their Second Amended Petition appellants alleged that appellees have eminent domain powers under TEX.NAT.RES.CODE ANN. §§ 91.172–181 (Vernon Supp.1991), TEX.NAT.RES.CODE ANN. § 111.019 (Vernon 1978), and TEX.REV.CIV.STAT.ANN. art. 1436 (Vernon 1980). Appellees argue in their brief that they do not have eminent domain powers under the statutes cited by appellants. Appellees also argue that the facts as pleaded in appellants' Second Amended Petition do not give rise to a taking, but merely allege a claim for damages.

"Inverse condemnation occurs when property is taken for public use without process or without proper condemnation proceedings, and the property owner attempts to recover compensation therefor." *Allen v. City of Texas City*, 775 S.W.2d 863, 864 (Tex.App.—Houston [1st Dist.] 1989, writ·denied). To be entitled to compensation for inverse condemnation, plaintiffs must plead and prove that their property has been "taken, damaged, or destroyed for or applied to a public use." TEX. CONST. art. 1 § 17. To constitute such taking, damage or destruction, plaintiffs must show (1) an actual appropriation or invasion of the property, or (2) unreasonable interference with the land owner's right to use and enjoy his property. *Allen*, 775 S.W.2d at 865. A fall in fair market value, however, does not constitute an actual physical appropriation or invasion of property nor an unreasonable interference with the land owner's use and enjoyment of the property. *Id.*

Where property has been "taken", a plaintiff's right to maintain a cause of action would not be barred until the expiration of the ten-year period necessary to acquire land by adverse possession. *Hudson v. Arkansas Louisiana Gas Company*, 626 S.W.2d 561, 563 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Where property has been "damaged", the cause of action is governed by the two-year statute of limitations. *Hudson*, 626 S.W.2d at 563–64; *Hubler*, 564 S.W.2d at 823.

In their Second Amended Petition appellants alleged that appellee Warren Petroleum Company allowed large quantities of hydrocarbons and other gases to escape from storage facilities and migrate onto appellants' property. Appellants also alleged that appellees Warren Petroleum Company and Gulf Oil Corporation were using appellants' property for storage of hydrocarbons and other gases. Appellants further alleged that all other appellees were using appellants' property and that the indefinite and continued use of their property constituted a taking. Appellants also claimed that appellees' conduct rendered appellants' property useless to anyone but appellees and destroyed the value of appellants' property.

We agree that appellants' claims regarding the decline in or destruction of property values did not amount to a "taking." We also find that appellants' other allegations did not rise to a claim for "taking", but merely a claim for damages. Thus, the trial court properly applied the two-year statute of limitations to appellants' claims for damages.

We note that appellants alleged that they owned "residences, real estate and businesses" in the Mont Belvieu area. Appellants did not allege that they owned the mineral estates beneath their surface estates. We also note that under the statutes cited by appellants, appellees have no powers of eminent domain and, therefore, did not have any right of inverse condemnation. We overrule appellants' third point of error.

Accordingly, the judgment of the trial court is affirmed.