# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00196-CV

**Hellen Reasoner Hutchison, Milburn E. Nutt, and Susan McRae, Appellants**

**v.**

**Union Pacific Resources Company, Appellee**

**FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NO. 96V-197, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

Hellen Reasoner Hutchison, Milburn E. Nutt, and Susan McRae (collectively Hutchison) appeal from a take-nothing judgment in favor of appellee Union Pacific Resources. Hutchison sought to declare an oil and gas lease void *ab initio* for violating the rule against perpetuities. Based on the resulting illegal production from an eighty-acre tract in which Hutchison owns a one-half undivided mineral interest, she sued for damages. We affirm the trial court judgment.

## Factual and Procedural Background

Crown Operating Company and a general partnership, Cer-Mor-Leb (CML), executed the lease at issue on March 30, 1990. In August 1992, after acquiring Crown's interest in that lease, Union Pacific Resources drilled a horizontal well (CML Harbers) that "bottomed" in part on

Hutchison's acreage.[1]  CML Harbers ceased production in April 1994, and Union Pacific Resources plugged it in October 1994.  On April 10, 1996, CML assigned the proceeds of the CML Harbers well to Hutchison.  Hutchison filed suit July 26, 1996.

Hutchison's suit claimed that the CML/Crown lease was void *ab initio* because it violated the rule against perpetuities and that her undivided one-half mineral interest in the eighty acres therefore was not leased.[2]  Hutchison contended that as an "un-leased and un-pooled mineral owner," she was entitled to one-half of the entire commingled production from the CML Harbers well because Union Pacific Resources failed to meet its burden of proof to establish the share of the production attributable to Hutchison's eighty-acre tract.  Union Pacific Resources responded that the lease may have been ambiguous, but it had a date certain for its inception that did not violate the rule against perpetuities.  Union Pacific Resources also contended that the two-year statute of limitations controlling any of Hutchison's causes of action had expired.

Hutchison and Union Pacific Resources filed motions for summary judgment and moved for directed verdicts on various grounds, including Union Pacific Resources's limitations claims.  After overruling those motions, the trial court determined the lease was ambiguous and submitted the case to the jury.  The jury answered the first question submitted—"When did the parties

---

[1]  More specifically, Hutchison relied on an expert report that one horizontal leg of the CML Harbers well crossed the northeast corner of the subject acreage and produced oil from that acreage. For purposes of this opinion, we accept as true Hutchison's facts as asserted.

[2]  Hutchison claims that language in one part of the CML/Crown lease conditioned its effectiveness on the expiration of a lease existing at the time of the execution of the CML/Crown lease and created a contingent vesting problem.  Because of our disposition of the appeal, we need not address in detail the basis for the perpetuities claim.

2

to the CML/Crown lease intend that the term of the lease would begin?"—in Union Pacific Resources's favor, and therefore did not answer any questions concerning damages to Hutchison. The court rendered a take-nothing judgment against Hutchison.

On appeal, Hutchison contends that: (i) the trial court erred in failing to hold the lease void as a matter of law; (ii) no evidence supports the jury's answer to question one; and (iii) the trial court erred in not awarding damages based on Union Pacific Resources's failure to meet its burden of proof to allocate production. Union Pacific Resources brings two cross-points, contending that the applicable statute of limitations bars Hutchison's claims and that the existence of certain division orders estops them from bringing these claims.[3] We sustain Union Pacific Resources's first cross-point on limitations and hold that Hutchison's claims are barred by the two-year statute of limitations.

**Discussion**

Contending the CML/Crown Lease was void *ab initio*, Hutchinson seeks redress for oil taken without the benefit of a contract. Hutchinson's claims distill to actions in trespass and conversion. *See Savage v. Psychiatric Inst. of Bedford, Inc.*, 965 S.W.2d 745, 751 (Tex. App.—Fort Worth 1998, pet. denied) (underlying nature, not label, determines cause of action). Hutchinson claims that the lease, in fact, never existed because it violated the rule against perpetuities. Therefore, she asserts that Union Pacific Resources illegally took the oil pertaining to the mineral rights that were the subject of the contract. For purposes of our discussion, we accept Hutchison's argument

---

[3] Because Union Pacific Resources does not seek to alter the trial court judgment by its cross-points but only raises alternative grounds for affirmance of the judgment, Union Pacific Resources did not need to file a notice of appeal. *See* Tex. R. App. P. 25.1(c).

that the lease was void. Absent a contract under which to bring a cause of action, the gravamen of Hutchison's complaint is to recover damages in tort for trespass and conversion of the oil removed from her land.

Texas law recognizes that "[w]hen oil or gas is removed from the soil it becomes personalty." *Lone Star Gas Co. v. Murchison*, 353 S.W.2d 870, 879 (Tex. Civ. App.—Dallas 1962, writ ref'd n.r.e.). A conversion of the proceeds from the sale of oil, or a conversion of the oil itself after it was produced and severed from the land, constitutes a conversion of personal property, not a conversion of realty. *Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 165 (Tex. App.—Amarillo 1996, pet. ref'd). A two-year statute of limitations controls actions for conversion, as well as for Hutchinson's other cause of action, trespass: "[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, . . . not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2001). Both of Hutchinson's claims of injury fall under a two-year statute of limitations from the date the actions accrued.

A determination of when a cause of action accrues is a question of law for the court. *Loyd v. Eco Res., Inc.*, 956 S.W.2d 110, 126 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Generally, a cause of action sounding in tort, such as conversion or trespass, accrues when the tort is committed. *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967). "[T]he date of the legal injury is not the time the injury is discovered or the date when the actual damage is fully ascertained; rather, the date of legal injury is the date the wrongful act is committed and damage is suffered." *Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 529 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

4

Specifically, with conversion actions, the statute of limitations begins to run at the time of the unlawful taking, not when the party discovers the injury. *Republic Supply Co. v. French Oil Co.*, 392 S.W.2d 462, 464-65 (Tex. App.—El Paso 1965, no writ). However, courts may apply a discovery rule, if certain prerequisites are met, in actions for damage to property that may defer the accrual date. *Hues*, 814 S.W.2d at 529.

The application of the discovery rule extends the accrual date for a cause of action from the date the injury occurred to the date the injured party actually discovered the injury. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). For the discovery rule to apply, the nature of the injury must be inherently undiscoverable and objectively verifiable. *Id*. If in the exercise of reasonable diligence a party could generally discover an injury, or facts that could lead to an indication of an injury, the rule should not apply. *Id*. For example, damage or drainage to a common oil or gas reservoir is not an inherently undiscoverable injury. *Id*. Often the act of conversion implies a necessary trespass to complete the taking. A trespass claim accompanying an accusation of conversion, then, would also not be inherently undiscoverable.

Union Pacific Resources drilled the CML Harbers well in August 1992. The well drained Hutchison's acreage. Once the oil was removed from the ground, an action for conversion accrued. Applying the holding of *Republic Supply Co.*, as well as the parameters of the discovery rule outlined in *HECI Exploration Co.*, the statute of limitations for a conversion claim began to run in August 1992. With regard to any claim that the discovery rule might apply, reasonable diligence may include taking such actions as using the records of the Railroad Commission regarding production in a given field to ascertain whether one's interest might be in jeopardy. *See HECI*

5

*Exploration Co.*, 982 S.W.2d at 886-87. In the circumstances of this case, Hutchison was aware of operations that might affect her interests in this acreage, as this is the fourth in a series of suits against Union Pacific Resources, affecting various permutations and combinations of Hutchison's interests in this field.[4] The claim for trespass also accrued in August 1992, as the conversion could not be accomplished without a trespass on Hutchison's land, *i.e.*, the leg of the well that traversed the subject acreage. On this record, Hutchison has not demonstrated that she was entitled to assert the discovery rule to avoid the running of limitations. Hutchison did not file suit until July 1996, well past the two-year mark.[5]

Thus, Hutchison's claim that she is entitled to one-half the production from the CML Harbers well is barred by the statute of limitations for trespass and conversion. Accordingly, we sustain appellee's first cross-point; we do not consider appellee's second cross-point or appellants' points of error. *See* Tex. R. App. P. 47.1 (opinion should address every issue raised and necessary

---

[4] *Hutchison v. Tex.-Lee Drilling & Dev. Co.*, No. 03-96-00453-CV, 1997 Tex. App. LEXIS 5877 (Tex. App.—Austin Nov. 13, 1997, pet. denied) (not designated for publication); *Hutchison v. Union Pac. Res. Co.*, No. 03-96-00715-CV, 1999 Tex. App. LEXIS 3580 (Tex. App.—Austin May 13, 1999, pet. denied) (not designated for publication) (appeal after remand) (two-year statute of limitations barred tortious interference with contract claim; Hutchison should have known that production ceased from well from which she derived royalty and thus was on inquiry notice certain rights might terminate) (this well was the well maintaining what Hutchison characterized as the "bottom" lease that rendered the CML/Crown lease at issue in this case void); *Union Pac. Res. Co. v. Hutchison*, 990 S.W.2d 368 (Tex. App.—Austin 1999, pet. denied) (claim of improper pooling involving horizontal well; same lease and tract involved as in 03-96-715-CV).

[5] The date of the CML assignment is not relevant because it stemmed from the lease which, accepting Hutchison's argument for purposes of this opinion, is void.

6

to disposition of appeal as briefly as is practicable). We affirm the trial court judgment that appellants take nothing.

_

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   November 1, 2001

Do Not Publish