**Marvin W. GRUNWALD, Jr.**
**and Pamela Grunwald,**
**Appellants,**

v.

**CITY OF CASTLE HILLS, Appellee.**

No. 04–02–00217–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 11, 2002.

Rehearing Overruled Jan. 3, 2003.

Ellen B. Mitchell, Cox & Smith Inc., San Antonio, for Appellant.

Linda Daniels, Attorney At Law, Dick Stengel, Attorney At Law, Gay Gueringer (OTH), Richie & Gueringer, P.C., C. David Kinder (OTH), Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

Appellants Marvin W. Grunwald and Pamela Grunwald ("the Grunwalds") brought suit against the City of Castle Hills ("the City") and Casa Norte Del Sol, Ltd. ("Casa Norte"), the owners of an office building located adjacent to their residential property. The Grunwalds asked the court to declare the office building to be in violation of the City's zoning regulations and to issue a mandatory injunction compelling the City to enforce those regulations. The Grunwalds also claimed the City's failure to act against Casa Norte amounted to a regulatory taking in violation of article 1, section 17 of the Texas Constitution. The City moved for summary judgment on all of the Grunwalds' claims and the motion was granted by the trial court.[1] In several issues on appeal, the Grunwalds argue the summary judgment was erroneously granted because 1) there is a genuine issue of material fact regarding their entitlement to a mandatory injunction; 2) the City failed to establish as a matter of law that the statute of limitations bars their claim under article 1, section 17 of the Texas Constitution; 3) the City failed to establish as a matter of law that it did not commit a regulatory taking; 4) the City failed to establish as a matter of law that it was entitled to relief under the Texas Validation Statute; and 5) the City failed to establish that its claims were barred by the City's affirmative defenses of estoppel, laches, and waiver.

We hold the trial court properly granted the City's motion for summary judgment because the statute of limitations barred the Grunwalds' constitutional claim. Accordingly, we affirm the trial court's judgment.

### STATEMENT OF FACTS

The City of Castle Hills, organized under the general laws of the State of Texas,

---

1. Casa Norte bought the building in dispute in the 1990s, and it owned the building at the time the renovations were completed. Subsequent to its summary judgment order, the trial court issued a second order severing the Grunwalds' suit against the City from their suit against Casa Norte.

is a municipal corporation. In the 1950's, the City established a comprehensive zoning plan and passed an ordinance allowing the City Council to issue a special use permit authorizing any use that deviated from the zoning plan. These permits amend the comprehensive zoning plan and its concomitant restrictions. *See* Section 31.1307, Code of Ordinance, City of Castle Hills.

In 1978, the Grunwalds purchased a home in the City, located next to an office building now owned by Casa Norte. The parties dispute which zoning category applied to the area in which the home and the building were constructed. Nevertheless, the parties agree that the proposed office building did not conform to the zoning designation applicable in 1976, and a special permit was required for its construction. Accordingly, to begin construction on the building, Ken Rehler, the original owner, requested a special use permit from the Zoning Commission. On December 7, 1976, the Zoning Commission convened to consider Rehler's application. The record from that meeting shows that the Commission approved Rehler's application but with several stipulations, one of which was: "that the windows on the rear of the second story be at the top of the offices...." After the Commission's approval, the special use permit was placed on the City Council's agenda. The City Council later sustained the Zoning Commission's recommendations.

Nearly two years after the issuance of this special use permit and while the office building was already under construction, the Grunwalds purchased their home. The Grunwalds did not have any dispute with the City until 1997, when Casa Norte, the new owner, decided to renovate the building. Casa Norte hired Orion Construction Services, Inc. ("Orion") to complete the construction. Orion then obtained a permit from the City, which allowed it to improve the building in accordance with the plans it had submitted to the City. These plans indicated that Orion intended to enlarge and relocate the windows on the second floor of the building. The City approved the plans and issued a permit to allow the renovations. In January 1998, the City issued a certificate of occupancy, which demonstrated the building complied with the applicable zoning requirements.

The Grunwalds were dissatisfied with the renovations because the newly installed windows permitted the tenants of the building to see into their backyard. Therefore, after the construction was completed, Pamela Grunwald contacted Charles Midkiff of Orion to communicate her concerns to him. Initially, Midkiff and the Grunwalds agreed to have a screen installed to decrease the visibility into the Grunwalds' backyard, but the Grunwalds were not satisfied with the screening and removed it. Shortly thereafter, they filed this suit against the City and Casa Norte.

## STANDARD OF REVIEW

We review a summary judgment *de novo*. *See Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.-San Antonio 1995, writ denied). Summary judgment is proper when the summary judgment record establishes that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law on any ground set forth in the motion. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996); *Lear Siegler, Inc. v. Perez*, 819

S.W.2d 470, 471 (Tex.1991). The evidence must be viewed in the light most favorable to the nonmoving party and all contrary evidence and inferences must be disregarded. *Nixon,* 690 S.W.2d at 548–49. "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Prop. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872–73 (Tex. 2000).

## DISCUSSION

■ In their second issue, the Grunwalds contend summary judgment was improperly granted based on the City's statute of limitations affirmative defense. The Grunwalds argue they have asserted a regulatory taking claim, under article 1, section 17 of the Texas Constitution, which has a ten-year statute of limitations period. The Grunwalds contend their claim arose when the building was renovated in 1997, and because their suit was filed in September of 2000, it was commenced well within the ten-year limitations period.

In response, the City argues the Grunwalds have asserted a property damage claim. The City maintains the Grunwalds do not complain it has either physically taken possession of their property or it has regulated their property in such a manner that it effectively resulted in an appropriation. According to the City, the heart of the Grunwalds' complaint is that its alleged failure to enforce the zoning ordinance and special use permit resulted in an infringement upon the Grunwalds' use and enjoyment of their home. The City asserts the Grunwalds' claim is more properly characterized as a property damage claim, which is subject to a two-year limitations period.

■ To determine which statute of limitations period applies, we start with the constitutional provision that governs the Grunwalds' claim. Article 1, section 17 of the Texas Constitution provides that "no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by consent of such person...." TEX. CONST. art. I, § 17. If the government appropriates property without paying adequate compensation, the owner may recover the resulting damages in an inverse condemnation suit. *Westgate, Ltd. v. State,* 843 S.W.2d 448, 452 (Tex.1992). A person can bring an inverse condemnation suit either when the government physically appropriates or invades the property, unreasonably interferes with the landowner's ownership rights through a regulation, or damages a person's property. TEX. CONST. art. I, § 17; *see Westgate, Ltd.,* 843 S.W.2d at 452. Physical takings occur when a condemning authority physically occupies, destroys, or damages an individual's property. *See Yee v. City of Escondido,* 503 U.S. 519, 522, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992); *see State v. Southwind Auto Sales,* 951 S.W.2d 849, 853–54 (Tex.App.-San Antonio 1997, no writ). A compensable regulatory taking occurs if the governmental restrictions deprive landowners of all economically viable use of their property or unreasonably interfere with their right to use and enjoy the same. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 935 (Tex.1998).

There is no specific statutory provision that provides a limitations period for inverse condemnation actions. Courts have held that an action for a physical or regulatory taking is barred after the expiration of the ten-year period of limitations, but that an action for damage to property is governed by the two-year period of limitations. *See* TEX. CIV. PRAC. REM.CODE ANN. § 16.003(a), § 16.026(a) (Vernon 2002);

*Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984); *see Brazos River Auth. v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 110 (1961); *Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 528–29 (Tex.App.-Houston [14th Dist.] 1991, writ denied).

In the Grunwalds' second amended petition,[2] they articulated their claim in the following manner:

> By its adamant refusal to enforce the requirements of the special use permit and its own ordinances against the present owner of the Building, CASTLE HILLS has totally disregarded its functions to enforce its zoning ordinance and the special use permit applicable to the Building and has declined to protect the health, safety and welfare of the Plaintiffs. Because these acts of omission by CASTLE HILLS, the Property has been reduced below what its fair market value should be, and Plaintiffs seek damages for the reduction in such market value, which amount is within the jurisdictional limits of this Court. By exercising its police powers in an unlawful and unreasonable manner, CASTLE HILLS has taken and/or damaged Plaintiffs' property in violation of Article 1, section 17 of the Texas Constitution, which prohibits the taking, damaging, or destruction of private property for public use without adequate compensation and without the owners' consent, for which Plaintiffs hereby sue.

On appeal, the Grunwalds argue they have lodged a regulatory taking claim, but they do not point to any regulatory action taken by the City. Instead, they assert that the City's failure to enforce the applicable zoning ordinance and special use permit restrictions damaged the use and enjoyment of their property. In essence, the Grunwalds argue the City violated their constitutional rights by *failing* to act rather than because it took any affirmative action.

Based on a review of the Grunwalds' petition, we believe the City's inaction does not amount either to a regulatory or physical taking of their property. We have found no authority holding such a failure to act results in a regulatory taking. Instead, we hold that the Grunwalds' dispute is more properly characterized as a property damage claim. As such, the two-year statute of limitations period applies. *Id.* § 16.003(a); *Bayouth*, 671 S.W.2d at 868; *Hues*, 814 S.W.2d at 528–29.

### Conclusion

The Grunwalds concede their claim arose in 1997, when Orion renovated the building. They did not file their original petition until September 13, 2000, which was beyond the statutory period. We therefore hold the Grunwalds' claim is barred by the statute of limitations, and we affirm the trial court's judgment on that basis. Because the City was entitled to summary judgment on its affirmative defense of statute of limitations, we do not address whether summary judgment was proper on any other basis.

---

**2.** The second amended petition was filed on May 25, 2001, and the third amended petition was filed on October 15, 2001, less than seven days before the summary judgment hearing. Because plaintiffs' allegations are essentially the same in both petitions, we need not consider which petition was the live pleading when the trial court considered the motion for summary judgment. For the purpose of this opinion, we quote from the second amended petition.