**Sandra PLUMMER, Appellant,**

**v.**

**The ESTATE OF Agnes Ione Foley PLUMMER, Deceased, and Wesley F. Plummer, Jr., Individually, and Carolynn Agnes P. Willson, Individually, Appellees.**

No. 06–00–00100–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 3, 2001.

Decided July 6, 2001.

Gerald K. Payte, Payte & Kologinczak, PC, Houston, for appellant.

Hubert Oxford III, Alex J. Stelly Jr., Michael Keith Eaves, Benckenstein & Oxford, LLP, Beaumont, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Sandra Plummer appeals from a take-nothing judgment in her lawsuit against her brother and sister alleging breach of a fiduciary duty. Sandra Plummer sued her brother (Wesley) and sister (Carolynn) alleging that they had breached a fiduciary duty to their mother (Agnes Plummer) by utilizing a power of attorney executed by Agnes several months earlier to take over their mother's finances. The evidence shows that while Agnes was hospitalized, Wesley and Carolynn withdrew funds from Certificates of Deposit (some of which were jointly held by their mother with Sandra) and redeposited the funds into a preexisting checking account in the name of Agnes, and to which Wesley and Carolynn had a right of survivorship.

Sandra contends on appeal that the evidence does not support the verdict. When the party having the burden of proof appeals from an adverse fact finding in the trial court, the contention is that the matter was established as a matter of law or that the jury's finding was against the great weight and preponderance of the evidence. *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112 (Tex.1976). Sandra was the plaintiff and therefore had the burden of proof. A complaint by the party with the burden of proof that there was no evidence to support the jury's finding invokes appellate jurisdiction to consider the contention that the opposite of the finding was established as a matter of law. *O'Neil,* 542 S.W.2d at 113; *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). A court of appeals is to weigh all the evidence in a case to determine if it is insufficient to support the verdict or if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Hurlbut v. Gulf Atlantic Life Ins. Co.,* 749 S.W.2d 762, 769 (Tex.1987) (op. on reh'g).

Agnes Plummer is the mother of eight children. At the age of eighty-one, she became ill, was hospitalized, and eventually died. Agnes had several Certificates of Deposit in varying amounts, which were in her name with different children listed as joint tenants with rights of survivorship. During the final week of her illness, and after being informed by doctors that if she survived she would require long-term care in a facility, the two local children, Wesley and Carolynn, using a durable power of attorney signed by their mother early in her illness, cashed out the Certificates of Deposit and redeposited them into their mother's checking account. They testified that they consolidated the funds so that they would be available to pay for hospital bills and so they might be able to pay for

eventual nursing home care. Agnes died several days later.

Sandra filed suit contending that Wesley and Carolynn breached their fiduciary duty by taking the Certificate of Deposit in the names of their mother and Sandra in the amount of $24,976.23 with a right of survivorship provision and depositing it in a checking account in which Wesley and Carolynn had a right of survivorship.[1]

The right of survivorship is established by law in Tex. Prob.Code Ann. § 439 (Vernon Supp.2001). It is a nontestamentary transfer of property to the surviving party of the account. It does not create an ownership right in the funds during the lifetime of the party. A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit. Tex. Prob.Code Ann. § 438 (Vernon 1980). Thus, Sandra had no vested right in the account before her mother's death, and her mother could remove her right to survivorship, could spend all of the funds, or could transfer the funds to another account. Furthermore, Sandra would receive no money even if the account had not been changed had she predeceased her mother.

The question in this case is whether Wesley and Carolynn violated their fiduciary duties by self-dealing, by transferring all of the funds to an account in which they had a right of survivorship. In other words, was this an act antagonistic to their mother because it thwarted the intent of the mother. A power of attorney creates an agency relationship, and an agent owes a fiduciary duty to its principal with respect to matters within the scope of its agency. *Rogers v. Dallas Morning News,*

*Inc.,* 889 S.W.2d 467 (Tex.App.—Dallas 1994, writ denied); *Sassen v. Tanglegrove Townhouse Condominium Assoc.,* 877 S.W.2d 489 (Tex.App.—Texarkana 1994, writ denied).

The jury disposed of this lawsuit with its answers to two questions. In the following instruction, the court informed the jury that Wesley and Carolynn were authorized to act under the power of attorney, but owed a fiduciary duty to Agnes Plummer when exercising the power she granted them:

To prove that each of them individually complied with that duty in the transactions in question each must show;

a. The transactions in question were fair and equitable to Agnes Ione Foley Plummer;

b. Wesley F. Plummer, Jr. and Carolynn Willson made reasonable use of the trust that Agnes Ione Foley Plummer placed in them;

c. Wesley F. Plummer, Jr. and Carolynn Willson acted in the utmost good faith and exercised the most scrupulous honesty toward Agnes Ione Foley Plummer;

d. Wesley F. Plummer, Jr. and Carolynn Willson placed the interests of Agnes Ione Foley Plummer before their own, did not use the advantage of their position to gain any benefit for themselves at the expense of Agnes Ione Foley Plummer, and did not place themselves in any position where their self-interest might conflict with their obligations as a fiduciary; and

---

1. The evidence shows that there were five joint accounts with right of survivorship with Sandra, totalling $24,976.23; four accounts with Carolynn with right of survivorship, totalling $8,944.78; four joint accounts with Carolynn with no right of survivorship totalling $8,435.08; one joint account with Carolynn with survivorship status unknown totalling $5,034.14; and one joint account with Wesley for $2,946.25.

e. Wesley F. Plummer, Jr. and Carolynn Willson fully and fairly disclosed all important information to Agnes Ione Foley Plummer concerning the transactions.

The jury was then asked if Carolynn and Wesley complied with their fiduciary duties to Agnes. The jury answered yes to each question, and the court rendered a take-nothing judgment against Sandra.

■ Sandra first contends that the evidence does not support the jury's answers because the evidence presented by the fiduciary does not affirmatively establish complete fidelity or show that Wesley and Carolynn acted with the utmost good faith and scrupulous honesty when they used the power of attorney to withdraw funds originally set up by their mother as joint accounts with right of survivorship to Sandra and placed them into a joint account in which Wesley and Carolynn held a right of survivorship.

By signing the right of survivorship, the mother demonstrated an intent for Sandra to receive the money in the account if the account still existed at the time of her death and if Sandra survived her. Thus, the question is whether the action by Carolynn and Wesley in transferring this money to an account in which they had the right of survivorship used their advantage, the power of attorney, to gain benefit for themselves at the expense of their mother and thus placed themselves in a position where their self-interest conflicted with their obligations as a fiduciary.

The evidence indicates that this account had been set up before the power of attorney and at least two years before transfer of these funds into the account. The evidence indicates that the liquid assets were marshalled into one account in order to pay the expenses of the mother's illness. This was evidence on which the jury could have deemed that the combining of these funds was a legitimate function of agents under the power of attorney. There was evidence that the brothers and sisters were advised about all of the funds being transferred into one account. There was no evidence that the brothers and sisters were specifically told about the right of survivorship provision in the account in which all of the funds were placed. The mother, however, would have necessarily signed the survivorship provision some two years earlier when the account was set up in the names of her and her children, Carolynn and Wesley.

Throughout the trial, Carolynn testified that she and her brother were only trying to take care of their mother's affairs and that Carolynn was not aware that there was a right of survivorship provision in this account.

She further represented to the court and the jury that the remaining funds in the account would pass equally to all of the children under the terms of their mother's will. This suggests that Carolynn and Wesley have renounced in open court the right of survivorship advantage and allow the account to pass equally under the terms of their mother's will.

Even though the placing of all the money in the mother's checking account negated Sandra's potential advantage under the right of survivorship provision, the jury was justified in determining that this was properly done under the power of attorney for the benefit of their mother. This jury determined that Wesley and Carolynn were not acting in bad faith, and their willingness to divide the property equally under the terms of their mother's will further established that they were not exercising their power of attorney for the purpose of gaining any benefit for themselves other than their sharing as children under the terms of the will. Wesley and

Carolynn should be held to that commitment made under oath before the jury.

From the evidence presented, the jury could have determined that because this was an old account that had been set up by the mother prior to her final illness, that Carolynn and Wesley intended this transfer for the benefit of their mother in marshalling her liquid assets for expenses during her illness, that Wesley and Carolynn did not place the money in this account for purposes of self-dealing, but rather to fulfill their obligations under the power of attorney and that their waiver in open court of any benefit to the right of survivorship demonstrates that they are not attempting to gain a special advantage from this transfer and their use of the power of attorney.

The evidence was sufficient as a matter of law to support the jury's verdict, and we do not find that the verdict was made against the great weight and preponderance of the evidence.

The judgment of the trial court is affirmed.