# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00795-CV

**Culley Miller, Appellant**

**v.**

**Rita Unger, Appellee**

## FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
## NO. 08P315, HONORABLE MICHAEL D. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This proceeding is an ancillary matter in the probate proceeding of the estate of Francis Keese. *See* Tex. Prob. Code Ann. § 4A(c) (West Supp. 2010); *Kelley v. Barnhill*, 188 S.W.2d 385, 386 (Tex. 1945) (stating that appeals may be taken from orders that finally dispose of discrete issues in probate cases, even if order does not dispose of entire probate proceeding). Appellant Culley Miller appeals from the trial court's order granting appellee Rita Unger's motion to compel Miller to return certain funds to the estate. We affirm the trial court's order.

## BACKGROUND

Francis Keese died on May 16, 2008, leaving a will that named his daughter, Rita Unger, and his step-son, Pat Stewart, as independent co-executors of his estate. Unger, Stewart, and Miller were all devisees under the will. After the will was admitted to probate, Unger filed a motion in the probate proceeding entitled, "Motion to Compel and Replacement of Funds into the

Estate Account." Unger claimed that prior to Keese's death, Miller had improperly withdrawn approximately $91,000 of Keese's funds from the San Angelo National Bank ("the Bank"), and distributed those funds "to certain certificates of deposit in [Miller's] name along with certain individuals listed as 'payable on death' beneficiaries." Unger further claimed that Keese had directed Miller to make a $30,000 gift to Unger from Keese's account, but that Miller had distributed funds to himself and other individuals instead. Unger requested an order requiring Miller to return the withdrawn funds to an account in the name of Keese's estate.

The trial court held an evidentiary hearing on Unger's motion. All accounts and certificates of deposit in Keese's name were produced by the Bank pursuant to a subpoena duces tecum.[1] After hearing the evidence, the trial court entered an order finding that on or about April 22, 2008, Miller cashed in five certificates of deposit at the Bank, held as joint accounts with the right of survivorship in the name of Keese, Miller, and Keese's wife, now deceased. The court found the total value of these accounts to be $91,451.59 at the time of the withdrawal. The court further found that Miller withdrew an additional $7,000 from a specified checking account, and deposited all of the withdrawn funds into a separate savings account. The order states that Miller then withdrew the funds from the savings account and created new certificates of deposit in his name alone. Finally, the order includes a finding that "at the time the certificates of deposit were cashed in and the $7,000 withdrawn, the money was the property of Francis M. Keese, and further that once the funds were placed in the savings account, the funds were no longer subject to a survivorship clause in favor of

---

[1] There is no reporter's record of this hearing, and the subpoenaed bank records do not appear in the clerk's record.

2

[Miller], and the funds rightfully belong to the estate of [Keese]." The trial court ordered Miller to return $98,451.59 to Unger in her capacity as co-independent executor of the estate, and ordered Unger to then deposit the funds in a bank account in the name of the estate.

Miller filed a motion for new trial, asserting that he was acting pursuant to a durable power of attorney at the time he withdrew the funds, that he was acting at Keese's direction, and that there had been no showing that he acted fraudulently. Miller further argued that he had the authority to withdraw $7,000 from the checking account at issue because he jointly owned the account with Keese. Subsequently, the trial court issued findings of fact and conclusions of law, reiterating the findings made in its original order. The trial court later issued a corrected finding that the certificates of deposit were not held as joint accounts with the right of survivorship in the name of Keese, Miller, and Keese's wife, but were held solely in Keese's name, with Miller as the payable-on-death beneficiary. The trial court also made a finding that the funds Miller removed from the certificates of deposit during Keese's lifetime belonged to the estate at the time of Keese's death. The trial court further found that at the time of the withdrawals, Miller was Keese's agent for banking transactions, pursuant to a durable power of attorney executed by Keese. Miller's motion for new trial was overruled by operation of law, and this appeal followed.

## DISCUSSION

In two issues on appeal, Miller argues that the trial court erred in (1) ordering him to return the $91,451.59 withdrawn from the certificates of deposit and (2) ordering him to return the $7,000 withdrawn from the checking account. Miller takes the position that the trial court's order was error because he was the joint owner of both the certificates of deposit and the checking account.

3

In the alternative, Miller argues that his actions were proper because at the time of the withdrawals, he was acting as Keese's agent for banking transactions. *See* Tex. Prob. Code Ann. § 496 (West 2003) (governing durable power of attorney relating to banking transactions).

As previously noted, there is no reporter's record of the evidentiary hearing on Unger's motion to compel the return of the funds. Because no reporter's record has been provided, we must presume that the evidence presented at the hearing was sufficient to support the trial court's order. *See Willms v. Americas Tire Co. Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) (holding that burden is on appellant to present sufficient record to show error requiring reversal). Furthermore, the relevant bank records, which were produced at the hearing and reviewed by the trial court, are not included in the appellate record. While both Miller and Unger reference evidence and arguments presented at the hearing in their briefs on appeal, our consideration is necessarily limited to the record before us. *See Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ); *see also In re M.S.*, 115 S.W.3d 534, 546 (Tex. 2003) ("[T]his Court—or any appellate court—may only consider the record presented to it, and we cannot speculate on what might or might not be in the missing portions of the record.").

On the limited record before us, we cannot say that the trial court erred in ordering Miller to return the funds in question to the estate. We must presume that the evidence presented at the hearing supports the trial court's finding that the certificates of deposit were not jointly owned by Miller, as he contends, but were held solely in Keese's name, with Miller as the payable-on-death beneficiary. *See* Tex. Prob. Code Ann. § 438(b) (West 2003) ("A [payable-on-death] account

belongs to the original payee during his lifetime and not to the [payable-on-death] payee or payees."). We must also presume that the testimony at the hearing supports the trial court's findings that the funds removed from both the certificates of deposit and the savings account were Keese's property at the time of removal, that those funds belonged to the estate at the time of Keese's death, and that the funds should be returned to the estate.[2] With respect to Miller's argument that he was acting as Keese's agent at the time of the withdrawals, we must presume that the evidence at the hearing supports the trial court's implied finding that Miller did not properly withdraw the funds in his capacity as Keese's agent for banking transactions. *See Vogt v. Warnock*, 107 S.W.3d 778, 783-84 (Tex. App.—El Paso 2003, pet. denied) (holding that where individual possessing power of attorney receives gift or bequest from principal, fiduciary relationship "cast[s] upon the profiting fiduciary the burden of showing the fairness of the transaction[]," so that fiduciary must "be prepared to prove the transaction was conducted with scrupulous fairness"). Because we cannot conclude that the trial court erred in ordering Miller to return the funds in question to the estate, we overrule Miller's issues on appeal.

---

[2] The record contains very little information regarding the checking account from which Miller withdrew $7,000. The trial court's order identifies the checking account number, but makes no express finding as to the ownership of the account or the net contributions of any owner to the account. *See* Tex. Prob. Code Ann. § 438(a) (West 2003) ("A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent."); *see also Plummer v. Estate of Plummer*, 51 S.W.3d 840, 842 (Tex. App.—Texarkana 2001, pet. denied). Similarly, no such findings appear in the findings of fact and conclusions of law. We must therefore presume that the evidence presented at the hearing supports the trial court's finding that all of the withdrawn funds were "the property of Francis M. Keese" at the time of the withdrawal and that those funds belonged to the estate after Keese's death.

## CONCLUSION

We affirm the trial court's order.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   August 4, 2011

6