TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00795-CV






Culley Miller, Appellant


v.


Rita Unger, Appellee






FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY

NO. 08P315, HONORABLE MICHAEL D. BROWN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This proceeding is an ancillary matter in the probate proceeding of the estate of
Francis Keese. See Tex. Prob. Code Ann. § 4A(c) (West Supp. 2010); Kelley v. Barnhill,
188 S.W.2d 385, 386 (Tex. 1945) (stating that appeals may be taken from orders that finally dispose
of discrete issues in probate cases, even if order does not dispose of entire probate proceeding). 
Appellant Culley Miller appeals from the trial court's order granting appellee Rita Unger's motion
to compel Miller to return certain funds to the estate. We affirm the trial court's order.


BACKGROUND

 Francis Keese died on May 16, 2008, leaving a will that named his daughter,
Rita Unger, and his step-son, Pat Stewart, as independent co-executors of his estate. Unger, Stewart,
and Miller were all devisees under the will. After the will was admitted to probate, Unger filed a
motion in the probate proceeding entitled, "Motion to Compel and Replacement of Funds into the
Estate Account." Unger claimed that prior to Keese's death, Miller had improperly withdrawn
approximately $91,000 of Keese's funds from the San Angelo National Bank ("the Bank"), and
distributed those funds "to certain certificates of deposit in [Miller's] name along with certain
individuals listed as 'payable on death' beneficiaries." Unger further claimed that Keese had
directed Miller to make a $30,000 gift to Unger from Keese's account, but that Miller had distributed
funds to himself and other individuals instead. Unger requested an order requiring Miller to return
the withdrawn funds to an account in the name of Keese's estate.

 The trial court held an evidentiary hearing on Unger's motion. All accounts and
certificates of deposit in Keese's name were produced by the Bank pursuant to a subpoena duces
tecum. (1) After hearing the evidence, the trial court entered an order finding that on or about April 22,
2008, Miller cashed in five certificates of deposit at the Bank, held as joint accounts with the right
of survivorship in the name of Keese, Miller, and Keese's wife, now deceased. The court found the
total value of these accounts to be $91,451.59 at the time of the withdrawal. The court further found
that Miller withdrew an additional $7,000 from a specified checking account, and deposited all of
the withdrawn funds into a separate savings account. The order states that Miller then withdrew the
funds from the savings account and created new certificates of deposit in his name alone. Finally,
the order includes a finding that "at the time the certificates of deposit were cashed in and the $7,000
withdrawn, the money was the property of Francis M. Keese, and further that once the funds were
placed in the savings account, the funds were no longer subject to a survivorship clause in favor of
[Miller], and the funds rightfully belong to the estate of [Keese]." The trial court ordered Miller to
return $98,451.59 to Unger in her capacity as co-independent executor of the estate, and ordered
Unger to then deposit the funds in a bank account in the name of the estate.

 Miller filed a motion for new trial, asserting that he was acting pursuant to a durable
power of attorney at the time he withdrew the funds, that he was acting at Keese's direction, and that
there had been no showing that he acted fraudulently. Miller further argued that he had the authority
to withdraw $7,000 from the checking account at issue because he jointly owned the account with
Keese. Subsequently, the trial court issued findings of fact and conclusions of law, reiterating the
findings made in its original order. The trial court later issued a corrected finding that the certificates
of deposit were not held as joint accounts with the right of survivorship in the name of Keese, Miller,
and Keese's wife, but were held solely in Keese's name, with Miller as the payable-on-death
beneficiary. The trial court also made a finding that the funds Miller removed from the certificates
of deposit during Keese's lifetime belonged to the estate at the time of Keese's death. The trial court
further found that at the time of the withdrawals, Miller was Keese's agent for banking transactions,
pursuant to a durable power of attorney executed by Keese. Miller's motion for new trial was
overruled by operation of law, and this appeal followed.


DISCUSSION

 In two issues on appeal, Miller argues that the trial court erred in (1) ordering him to
return the $91,451.59 withdrawn from the certificates of deposit and (2) ordering him to return the
$7,000 withdrawn from the checking account. Miller takes the position that the trial court's order
was error because he was the joint owner of both the certificates of deposit and the checking account. 
In the alternative, Miller argues that his actions were proper because at the time of the withdrawals,
he was acting as Keese's agent for banking transactions. See Tex. Prob. Code Ann. § 496 (West
2003) (governing durable power of attorney relating to banking transactions). 

 As previously noted, there is no reporter's record of the evidentiary hearing on
Unger's motion to compel the return of the funds. Because no reporter's record has been provided,
we must presume that the evidence presented at the hearing was sufficient to support the trial court's
order. See Willms v. Americas Tire Co. Inc., 190 S.W.3d 796, 803 (Tex. App.--Dallas 2006, pet.
denied); see also Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)
(holding that burden is on appellant to present sufficient record to show error requiring
reversal).  Furthermore, the relevant bank records, which were produced at the hearing and reviewed
by the trial court, are not included in the appellate record. While both Miller and Unger reference
evidence and arguments presented at the hearing in their briefs on appeal, our consideration
is necessarily limited to the record before us. See Siefkas v. Siefkas, 902 S.W.2d 72, 74 (Tex.
App.--El Paso 1995, no writ); see also In re M.S., 115 S.W.3d 534, 546 (Tex. 2003) ("[T]his
Court--or any appellate court--may only consider the record presented to it, and we cannot
speculate on what might or might not be in the missing portions of the record."). 

 On the limited record before us, we cannot say that the trial court erred in ordering
Miller to return the funds in question to the estate. We must presume that the evidence presented
at the hearing supports the trial court's finding that the certificates of deposit were not jointly owned
by Miller, as he contends, but were held solely in Keese's name, with Miller as the payable-on-death
beneficiary. See Tex. Prob. Code Ann. § 438(b) (West 2003) ("A [payable-on-death] account
belongs to the original payee during his lifetime and not to the [payable-on-death] payee or payees."). 
We must also presume that the testimony at the hearing supports the trial court's findings that the
funds removed from both the certificates of deposit and the savings account were Keese's property
at the time of removal, that those funds belonged to the estate at the time of Keese's death, and that
the funds should be returned to the estate. (2) With respect to Miller's argument that he was acting as
Keese's agent at the time of the withdrawals, we must presume that the evidence at the hearing
supports the trial court's implied finding that Miller did not properly withdraw the funds in his
capacity as Keese's agent for banking transactions. See Vogt v. Warnock, 107 S.W.3d 778, 783-84
(Tex. App.--El Paso 2003, pet. denied) (holding that where individual possessing power of attorney
receives gift or bequest from principal, fiduciary relationship "cast[s] upon the profiting fiduciary
the burden of showing the fairness of the transaction[]," so that fiduciary must "be prepared to prove
the transaction was conducted with scrupulous fairness"). Because we cannot conclude that the trial
court erred in ordering Miller to return the funds in question to the estate, we overrule Miller's issues
on appeal.


CONCLUSION

 We affirm the trial court's order.


 ___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed 

Filed: August 4, 2011
1. There is no reporter's record of this hearing, and the subpoenaed bank records do not
appear in the clerk's record.
2. The record contains very little information regarding the checking account from which
Miller withdrew $7,000. The trial court's order identifies the checking account number, but makes
no express finding as to the ownership of the account or the net contributions of any owner to the
account. See Tex. Prob. Code Ann. § 438(a) (West 2003) ("A joint account belongs, during the
lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on
deposit, unless there is clear and convincing evidence of a different intent."); see also Plummer v.
Estate of Plummer, 51 S.W.3d 840, 842 (Tex. App.--Texarkana 2001, pet. denied). Similarly, no
such findings appear in the findings of fact and conclusions of law. We must therefore presume that
the evidence presented at the hearing supports the trial court's finding that all of the withdrawn funds
were "the property of Francis M. Keese" at the time of the withdrawal and that those funds belonged
to the estate after Keese's death.