# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00661-CV

**Ronnie Lee Natho, Sr., Appellant**

**v.**

**Rosie May Shelton, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. 16226, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ronnie Lee Natho, Sr. appeals a judgment against him awarding damages for fraud, breach of fiduciary duty, and conversion in favor of Rosie May Shelton.[1]  The parties are familiar with the facts, procedural history, and applicable standards of review.  Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* Tex. R. App. P. 47.4.  For the following reasons, we reverse the trial court's judgment awarding appellee attorney's fees and imposing a constructive trust on Natho's homestead; suggest a remittitur of actual damages; and affirm the judgment, conditioned on the remittitur, in all other respects.

---

[1]  Shelton died shortly before trial, and her legal representative, Peggy Burthold, proceeded with the case on behalf of Shelton's estate.  For simplicity's sake, we refer both to Shelton and her estate as "appellee."

In his first four issues, Natho contends that the evidence is legally and factually insufficient to support the trial court's liability findings on appellee's claims for fraud (by misrepresentation and by non-disclosure), breach of fiduciary duty, and conversion. With respect to appellee's claim for breach of fiduciary duty, Natho asserts that there is insufficient evidence that he breached his duty and either that appellee was injured or that Natho was benefitted. Our review of the record reveals that legally and factually sufficient evidence supports these two elements. Specifically, the record shows that the power of attorney operative during the relevant times prohibited Natho from making gifts of appellee's property (including to himself) and that Natho used appellee's funds to pay his own bills; sold appellee's car and kept the proceeds; cashed in appellee's life insurance policy and kept the proceeds; took personal belongings from appellee's home and placed them in his home; and transferred to himself the title to appellee's house. This evidence of his conduct would exceed his authority under the power of attorney and support the trial court's finding that he breached his fiduciary duty to appellee. *See Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507, 510 (Tex. 1980) (person with fiduciary duty may not use position to self-deal); *Plummer v. Estate of Plummer*, 51 S.W.3d 840, 842 (Tex. App.—Texarkana 2001, pet. denied) (power of attorney creates fiduciary relationship). The record also contains legally and factually sufficient evidence demonstrating that because of Natho's conduct, appellee suffered injury and Natho was benefitted.

Because we affirm the trial court's liability finding on appellee's breach-of-fiduciary-duty claim, we need not address his issues about the trial court's liability findings on appellee's claims for fraud and conversion. *See ACCI Forwarding, Inc. v. Gonzalez Warehouse P'ship*, 341 S.W.3d 58, 68 (Tex. App.—San Antonio 2011, no pet.) (declining to address nuisance claim

2

because trespass claim was upheld); *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam) (where trial court does not issue findings of fact and conclusions of law, appellate court must affirm judgment on any legal theory that finds support in evidence).

Natho's fifth issue challenges the legal sufficiency of the evidence supporting the trial court's award of actual damages in the amount of $87,296.00. The documentary evidence showed that appellee's bank accounts contained $63,503.11 before any of Natho's transfers of appellee's property.[2] Appellee filed a Summary of Facts in Support of Judgment with the trial court conceding that $37,453.00 of the money withdrawn by Natho went to cover appellee's own expenses, such as nursing home bills and medication. Appellee's granddaughter, Peggy Burthold, testified that appellee's bank accounts had a zero balance at the time of the trial. The balance of unaccounted-for cash is, therefore, $26,050.11, not the $79,950.00 alleged by appellee.

Evidence in the form of checks drawn on appellee's accounts by Natho with himself as the payee and his testimony that he used an unspecified amount of appellee's money to pay his own bills support a damage award in the amount of $26,050.11. In the absence of any evidence identifying which portion, if any, of the $26,050.11 Natho legitimately spent on appellee's expenses, the trial court could reasonably have concluded that the entirety of it was misappropriated by Natho.[3]

---

[2] Although appellee argued at trial and again on appeal that the amount of cash in appellee's bank accounts before Natho began misappropriating the funds included an additional $53,900.66, the record does not support the claim. In fact, the record supports Natho's assertion that the sum of $53,900.66 appearing in the documents was a portion of the initial $63,503.11 that Natho transferred from one of appellee's accounts to another, rather than a separate and additional sum of money, and appellee did not meet her burden to establish that appellee's accounts contained an amount greater than $63,503.11 at the relevant time.

[3] Natho was the only party who could have explained how the unaccounted-for money was used. However, at trial he failed to offer any documents into evidence and pled the Fifth Amendment to most of the questions he was asked on cross-examination.

3

The evidence also supports additional damages in the amount of $7,046.00, which constitutes the unaccounted-for proceeds from Natho's sale of appellee's car and life-insurance policy. The total actual damages appellee suffered and supported by the evidence, therefore, is $33,096.11. The difference between the amount of damages the trial court awarded ($87,296.00) and the amount supported by the evidence ($33,096.11) is $54,199.89. Accordingly, we suggest a remittitur in the amount of $54,199.89. *See* Tex. R. App. P. 46.3; *Bechtel Corp. v. CITGO Prods. Pipeline Co.*, 271 S.W.3d 898, 922 (Tex. App.—Austin 2008, no pet.).

Natho's sixth issue challenges the sufficiency of the evidence supporting the trial court's award of $20,000 in punitive damages. Punitive damages may be awarded only when the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery results from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003. When a fiduciary intentionally breaches his duty by self-dealing and thereby gaining a benefit for himself, willful and fraudulent acts are presumed. *Lesikar v. Rappeport*, 33 S.W.3d 282, 311 (Tex App.—Texarkana 2000, pet. denied); *see also Springs Window Fashions Div., Inc. v. Blind Maker, Inc.*, 184 S.W.3d 840, 875 (Tex. App.—Austin 2006, pet. granted, judgm't vacated w.r.m.) (fraud by nondisclosure may arise when fiduciary fails to disclose material facts). The trial court did not err in awarding some amount of punitive damages, but in light of our reduction of actual damages, we must reevaluate the amount of punitive damages to ensure that they are still reasonably proportioned to actual damages. *See Bunton v. Bentley*, 153 S.W.3d 50, 54 (Tex. 2004) (per curiam); *Springs Window Fashions*, 184 S.W.2d at 890.

We conclude that the trial court's award of $20,000 in punitive damages is reasonably proportioned to actual damages in the amount of $33,096.11, considering the following applicable

4

factors: (1) the nature of the defendant's wrongdoing (the unauthorized appropriation for Natho's personal benefit of appellee's personal and real property, including family heirlooms); (2) the character of the defendant's conduct (effectuated under the apparent authority of a power of attorney with respect to an elderly and infirm woman); (3) the degree of the defendant's culpability (despite his testimony at an earlier temporary-injunction hearing that he relied on the advice of financial advisers in spending appellee's money to qualify her for Medicaid, Natho refused to answer questions at trial on the ground of protecting himself against self-incrimination with respect to concurrent criminal proceedings against him for the same conduct); (4) the situation and sensibilities of the parties concerned (Natho was the ex-grandson-in-law of appellee, who was elderly, infirm, and living in a nursing home); and (5) the extent to which such conduct offends a public sense of justice and propriety (the legislature has deemed the "improper use" of the resources of an elderly individual especially reprehensible, making it a third-degree felony, *see* Tex. Penal Code § 32.53). *See Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981) (listing factors); *see also Tatum v. Preston Carter Co.*, 702 S.W.2d 186, 188 (Tex. 1986) (appellate court must apply *Kraus* standard when determining reasonableness of punitive damages after actual damages have been reduced). In light of these factors, we find that the trial court's award of $20,000 in punitive damages is reasonably proportioned to our reduction of actual damages[4], and we overrule Natho's sixth issue.

---

[4] After our reduction of actual damages, the ratio between punitive and actual damages remains significantly less than 1:1. Yet, the Civil Practice and Remedies Code permits punitive damages of up to the greater of two times economic damages or $200,000, and these limits do not apply to facts supporting misapplication of fiduciary property. *See* Tex. Civ. Prac. & Rem. Code § 41.008(b), (c)(10).

We sustain Natho's seventh issue, asserting that the trial court erred in awarding appellee $35,000.00 in attorney's fees. Attorney's fees are generally not recoverable for common-law fraud, breach of fiduciary duty, or conversion unless otherwise provided for by statute or contract between the parties. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999) (per curiam); *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex. 1964). Appellee cites the "common-fund doctrine" as an equitable basis for the award of attorney's fees, but that doctrine is inapplicable here because appellee was seeking to charge the fees against Natho rather than against other beneficiaries or a fund (*i.e.*, Shelton's estate) that were benefitted by her successful suit. *See Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex. 1974) (where plaintiff has maintained successful suit creating fund benefitting other parties besides herself, attorney's fees may be allowed as charge against fund). Because appellee was not entitled to recovery of attorney's fees against Natho, we reverse that portion of the trial court's judgment.

We also sustain Natho's eighth issue, asserting that the trial court erred in imposing a constructive trust on his homestead. Assuming without deciding that imposing a constructive trust on Natho's homestead is an available remedy under these circumstances,[5] we conclude that appellee did not meet her initial "tracing burden" to show that the funds Natho took from appellee's bank accounts were indeed used to make improvements to his homestead. *Wilz v. Flournoy*, 228 S.W.3d 674, 676 (Tex. 2007) (per curiam) (party seeking to impose trust has initial burden of tracing funds to specific property for which trust is sought); *Meyers v. Baylor Univ.*, 6 S.W.2d 393, 394 (Tex. Civ.

---

[5] Natho argues that imposing a constructive trust here would violate provisions of the Texas Constitution and Property Code protecting homesteads. *See* Tex. Const. art. XVI, § 50; Tex. Prop. Code § 41.001. Because of our "tracing" discussion, we need not reach these arguments.

6

App.—Dallas 1928, writ ref'd) (in analyzing tracing issue, nothing must be left to conjecture, and no presumptions may be indulged except usual and necessary deductions from facts proven). Although there was evidence that some improvements had been made to Natho's homestead since 2003—the last time Burthold had been in his home—there was no evidence of when those improvements occurred or how they were funded, and the improvements could have occurred well before Natho misappropriated appellee's funds or been funded otherwise. The evidence amounts to no more than conjecture that Natho used appellee's funds to finance the improvements he made to his homestead. Accordingly, we reverse the portion of the trial court's judgment imposing a constructive trust on Natho's homestead.

In his ninth issue, Natho argues that the trial court erred in failing to continue the bench trial to a later date because (1) his attorney Angela Dowdle's withdrawal as his counsel was "improper" because it did not comply with Texas Rule of Civil Procedure 10; (2) he had insufficient notice that Dowdle had withdrawn[6]; and (3) the case was improperly removed from the jury docket. Although a court abuses its discretion when it grants a motion to withdraw that does not comply with the mandatory requirements of the rule, such error is harmless if the complaining party has sufficient time to secure new counsel and for the new counsel to investigate the case and prepare for trial. *See Sims v. Fitzpatrick*, 288 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Evidence in the record indicates that Natho knew about and consented to Dowdle's withdrawal: five months before the trial date, he signed a copy of an order granting Dowdle's motion to withdraw; Natho

---

[6] When the trial began, Natho argued to the trial court that he had just that morning learned that Dowdle no longer represented him; he therefore appeared pro se when the trial court denied his request for a continuance.

7

testified that three months before the trial date he thought he told the legal assistant of appellee's attorney that he was no longer represented by Dowdle; Dowdle testified that her legal assistant informed Natho of her withdrawal; and Dowdle further testified that she informed Natho's criminal attorney of her withdrawal and gave him Natho's file, per Natho's request. As such, any error in granting the motion to withdraw was harmless. On this record, we conclude that the trial court did not abuse its discretion in determining that Natho had sufficient notice of Dowdle's withdrawal and adequate time to obtain substitute counsel.

As to Natho's argument about the improper removal of this cause from the jury docket, we note that because appellee was the party that requested a jury trial (while Natho did not), appellee was entitled to remove the case from the jury docket and proceed with a bench trial, absent an objection by Natho. *Green v. W. E. Grace Mfg. Co.*, 422 S.W.2d 723, 726 (Tex. 1968); *Lambert v. Coachman Indus.*, 761 S.W.2d 82, 85 (Tex. App.—Houston [14th Dist.] 1988, writ denied). The record contains no evidence of an objection by Natho to the removal of the case from the jury docket or the proceeding of the trial without a jury; he therefore waived his right to a jury trial. *See In re A.M.*, 936 S.W.2d 59, 61 (Tex. App.—San Antonio 1996, no writ). Because we conclude that the trial court did not abuse its discretion in failing to continue the trial to a later date for any of the reasons advanced by Natho, we overrule his ninth and final issue.

We reverse and render judgment that appellee is not entitled to attorney's fees or a constructive trust on Natho's homestead. Further, we have found the evidence insufficient to support the full amount of actual damages. We therefore suggest a remittitur of actual damages in the amount of $54,199.89. *See Larson v. Cactus Util. Co.*, 730 S.W.2d 640, 641 (Tex. 1987); Tex. R. App. P. 46.3. If appellee files a remittitur with the clerk of the district court within

8

thirty days of this opinion and judgment and notifies this Court of same, we will reform the portion of the trial court's judgment awarding actual damages and, as reformed, affirm the remainder of the judgment. *See Springs Window Fashions*, 184 S.W.3d at 892. If the suggested remittitur is not timely filed, the judgment will be reversed and the cause remanded for a new trial on all issues. *See* Tex. R. App. P. 44.1(b).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed in part Conditioned on Remittitur; Reversed and Rendered in part

Filed: May 30, 2014