CARTER, Justice,
dissenting.
Pat Lowrey gave his son, Will Lowrey (Lowrey), a power of attorney, but he also designated his surviving beneficiaries of his bank account. One day later, just before his father died, Lowrey withdrew all the funds and closed the account. While the power of attorney gave Lowrey legal rights, he also had a fiduciary duty to his father. No one questions that, but Low-rey argues that Dawson has no standing to enforce the alleged breach of that fiduciary relationship. I believe this Court, at least inferentially, found standing in a similar situation in Plummer. The Tyler court in Wallis has expressly found standing to exist in this situation. Consequently, I believe the weight of authority supports a determination that Dawson has standing to pursue this claim for breach of fiduciary duty.
The facts of Plummer v. Estate of Plummer and In re Estate of Wallis are set out in the majority opinion and will not be repeated. Plummer v. Estate of Plummer, 51 S.W.3d 840 (Tex.App.-Texarkana 2001, pet. denied); In re Estate of Wallis, No. 12-07-00022-CV, 2010 WL 1987514 (Tex.App.-Tyler May 16, 2010, no pet.) (mem. op.). In Plummer, this Court ultimately found that evidence was sufficient to support a jury verdict that siblings who withdrew money by authority of a power of attorney did not breach their fiduciary duty. In order to reach that conclusion, it was necessary to determine that the challenging party had standing. While it was not expressly stated, a finding of standing was a necessary prerequisite to this Court’s holding.
The Tyler court was directly confronted with this issue in Wallis. In Wallis, it was determined that the beneficiary designated *838 by Wallis had an estate in anticipation in the proceeds of the retirement plan and insurance policy giving her standing to pursue the breach of fiduciary duty claim. The only distinction the majority opinion makes between Wallis and the cases it relies on is that Wallis originated from an insurance policy and retirement plan rather than a payable on death bank account. I fail to see what difference that makes as each involves nontestamentary dispositions with designated survivor beneficiaries.
I would find Dawson has standing to pursue this claim, reverse the summary judgment, and remand to the trial court for further determination of the alleged breach of fiduciary duty. I respectfully dissent.
Table 1
Table of Citations
Dawson, et al. v. Lowrey, 06-13-00107-C
[[Image here]]
*839 [[Image here]]