**Opinion issued March 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00392-CV

———————————

## IN RE HUGH LARKIN, Relator

———————————

## Original Proceeding on Petition for Writ of Mandamus

———————————

## MEMORANDUM OPINION

This original proceeding for writ of mandamus arises from a suit concerning encroachment of a neighboring condominium owner. The suit was filed by by relator, Hugh Larkin, against real parties in interest, Holly Rodriguez and Riverwalk Council of Co-Owners, Inc.[1] Larkin challenges the trial court's March 18, 2015

---

[1] The underlying case is *Hugh Larkin v. Holly Rodriguez & Riverwalk Council of Co-Owners, Inc.*, cause number 1047713, pending in County Civil Court at Law No. 4 of Harris County, Texas, the Honorable Roberta Lloyd presiding.

order, which overruled Larkin's assertion of attorney-client privilege for certain matters. He also challenges the trial court's April 15, 2015 order, which denied his motion for reconsideration of the matter.

In his petition for a writ of mandamus, Larkin seeks to vacate the trial court's orders determining that no attorney-client privilege exists for certain documents. We conditionally grant the petition.

## Background

Larkin owns a condominium in Houston, Texas. His daughter, Whitney Larkin, resides in the condominium. In August 2013, Larkin issued a power of attorney naming his daughter as attorney-in-fact to act on his behalf "in all capacity for all matters" for the condominium. In 2014, a dispute arose with a neighboring resident. Larkin's daughter retained counsel on her father's behalf to initiate a lawsuit relating to the matter. The firm filed suit. During this time, Larkin's daughter prepared a document related to the suit, signed an engagement letter on her father's behalf, and communicated with the firm about the lawsuit.

Rodriguez, one of the defendants in the suit, sought discovery from Larkin, including documents prepared by his daughter and communications between his daughter and the law firm. Larkin objected to the requests for production about documents prepared by his daughter and communications between her and Larkin's counsel on the grounds that they were privileged. Larkin produced a privilege log.

2

Rodriguez filed a motion to compel, seeking production of the documents listed on the privilege log. On March 18, 2015, the trial court overruled Larkin's objections and required the documents to be produced. In a motion for reconsideration, Larkin attached the power of attorney he issued naming his daughter as his attorney-in-fact for the condominium. On April 15, 2015, the trial court denied the motion to reconsider.

This mandamus proceeding followed. We requested a response to the petition for writ of mandamus. No response was filed.

**Standard of Review**

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (internal quotation marks and citation omitted). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

In determining whether an appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). A party establishes that no adequate appellate remedy exists by showing it is in real danger of losing its substantial rights. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994) (orig. proceeding).

## Attorney-Client Privilege

Rule 503(b)(1)(A) of the Texas Rules of Evidence provides,

> (1)    . . . . A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client:
>
>     (A)   between the client or the client's representative and the client's lawyer or the lawyer's representative;"

TEX. R. EVID. 503(b)(1)(A). "A 'client's representative' is . . . a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered." TEX. R. EVID. 503(a)(2)(A).

It is undisputed that Larkin owns the condominium that his daughter occupies. Larkin presented proof to the court that he had appointed his daughter as his attorney-in-fact to act on his behalf for "in all capacity for all matters" for the condominium. Larkin further presented proof that his daughter, acting "as attorney-in-fact for" Larkin, hired a law firm to handle the underlying dispute. She

corresponded with the attorneys in the firm, and it is the correspondence between her and that firm that has become the subject of the discovery request at issue.

"A power of attorney creates an agency relationship." *Plummer v. Estate of Plummer*, 51 S.W.3d 840, 842 (Tex. App.—Texarkana 2001, pet. denied); *see also In re McCall*, No. 08-02-00071-CV, 2002 WL 1341104, at *2 (Tex. App.—El Paso June 20, 2002, orig. proceeding) (citing *Plummer*). An agent has express authority to take all actions designated by the principal. *Reliant Energy Services, Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 783 (Tex. App.—Houston [1st Dist.] 2011, no pet.). An agent has implied authority "to do whatever is necessary and proper to carry out the agent's express powers." *Id.*

Here, the power of attorney from Larkin to his daughter expressly gives his daughter the authority to act on his behalf "in all capacity for all matters" for the condominium. We hold this necessarily includes the authority to retain legal counsel and to discuss legal matters with them. Larkin has not challenged his daughter's authority to retain counsel and communicate with them on his behalf. Instead, he has supported it.

Larkin's daughter, then, fits within the definition of "client's representative" in Rule 503. *See* TEX. R. EVID. 503(a)(2)(A) ("A 'client's representative' is . . . a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered."). Because she is Larkin's representative,

5

her communications with Larkin's attorneys are privileged. TEX. R. EVID. 503(b)(1)(A).

One of the documents withheld was identified as work product instead of an attorney-client communication. The privilege log identifies that Larkin's daughter prepared the document. "Work product comprises . . . material prepared . . . in anticipation of litigation or for trial by . . . a party or a party's representatives, including the party's . . . agents." TEX. R. CIV. P. 192.5(a)(1). Core work product, the work product of an attorney or an attorney's representative, is not discoverable. TEX. R. CIV. P. 192.5(b)(1). All other work product is discoverable if there is a showing of a substantial need and an inability to obtain substantially equivalent material by other means. TEX. R. CIV. P. 192.5(b)(2).

There has been no showing that there is a substantial need for the work product produced by Larkin's daughter. Accordingly, the trial court could not require Larkin to produce this document either.

**Inadequate Remedy**

"[M]andamus is proper when the trial court has abused its discretion by committing a clear error of law for which appeal is an inadequate remedy." *In re Ford Motor Co.*, 211 S.W.3d 295, 297–98 (Tex. 2006). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004). "[A]ppeal is inadequate

6

when a trial court erroneously orders the production of confidential information or privileged documents." *Ford*, 211 S.W.3d at 298. Because the trial court's orders required production of privileged documents, an appeal would be an in adequate remedy and mandamus is proper.

## Conclusion

We conditionally grant the mandamus petition and direct the trial court to vacate its March 18, 2015 and April 15, 2015 orders. Our writ will issue only if the trial court does not comply within 30 days of the date of this opinion.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.